1   **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7               FOR THE DISTRICT OF ARIZONA

8

9   Roy Samuel Umphrey,                    )   CIV 13-2396-PHX-MHB
                                           )
10              Plaintiff,                 )   **ORDER**
                                           )
11   vs.                                   )
                                           )
12   Carolyn W. Colvin, Commissioner of the )
     Social Security Administration,       )
13                                         )
                Defendant.                 )
14   _____)

15          Pending before the Court is Plaintiff Roy Samuel Umphrey's appeal from the Social

16   Security Administration's final decision to deny his claim for disability insurance benefits

17   and supplemental security income. After reviewing the administrative record and the

18   arguments of the parties, the Court now issues the following ruling.

19                          **I. PROCEDURAL HISTORY**

20          Plaintiff filed applications for disability insurance benefits and supplemental security

21   income alleging disability beginning February 2, 2007. (Transcript of Administrative Record

22   ("Tr.") at 15, 216-26.) His applications were denied initially and on reconsideration. (Tr.

23   at 63-142.) Thereafter, Plaintiff requested a hearing before an administrative law judge. (Tr.

24   at 161-62.) A hearing was held on July 25, 2012, (Tr. at 30-62), and the ALJ issued a

25   decision finding that Plaintiff was not disabled (Tr. at 12-28). The Appeals Council denied

26   Plaintiff's request for review (Tr. at 1-6), making the ALJ's decision the final decision of the

27   Commissioner. Plaintiff then sought judicial review of the ALJ's decision pursuant to 42

28   U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The Court must affirm the ALJ's findings if the findings are supported by substantial evidence and are free from reversible legal error.  See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990).  Substantial evidence means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see Reddick, 157 F.3d at 720.

In determining whether substantial evidence supports a decision, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Reddick, 157 F.3d at 720.  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  "If the evidence can reasonably support either affirming or reversing the [Commissioner's] conclusion, the court may not substitute its judgment for that of the [Commissioner]."  Reddick, 157 F.3d at 720-21.

## III.  THE ALJ'S FINDINGS

In order to be eligible for disability or social security benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An ALJ determines a claimant's eligibility for benefits by following a five-step sequential evaluation:

(1)  determine whether the applicant is engaged in "substantial gainful activity";

(2)   determine whether the applicant has a medically severe impairment or combination of impairments;

(3)  determine whether the applicant's impairment equals one of a number of listed impairments that the Commissioner acknowledges as so severe as to preclude the applicant from engaging in substantial gainful activity;

(4) if the applicant's impairment does not equal one of the listed impairments, determine whether the applicant is capable of performing his or her past relevant work;

(5) if the applicant is not capable of performing his or her past relevant work, determine whether the applicant is able to perform other work in the national economy in view of his age, education, and work experience.

See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). At the fifth stage, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful work. See Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993).

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 2, 2007 – the alleged onset date. (Tr. at 17.) At step two, she found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine and lumbar spine, with lumbar radiculopathy, right knee degenerative joint disease, status post anterior cruciate ligament (ACL) reconstructive surgery, and chronic pain syndrome. (Tr. at 17-18.) At step three, the ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Commissioner's regulations. (Tr. at 18.) After consideration of the entire record, the ALJ found that Plaintiff retained "the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), with lifting and carrying to 10 pounds frequently and 20 pounds occasionally, unlimited sitting, standing and walking, with frequent climbing ramps and stairs, occasional climbing ladders, ropes or scaffolds, occasional crawling, occasional right upper extremity reaching in all directions, and occasional right-hand handling, fingering and feeling."[1] (Tr. at 18-23.) The ALJ determined that Plaintiff was capable of performing past relevant work as a typesetter and warehouse lead worker as generally performed, and school bus driver as he actually performed it. (Tr. at 23.) Therefore, the ALJ concluded that

---

[1] "Residual functional capacity" is defined as the most a claimant can do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks.

1    Plaintiff has not been under a disability from February 2, 2007, through the date of her
2    decision.  (Tr. at 23.)

3                                    **IV.  DISCUSSION**

4            In his brief, Plaintiff contends that the ALJ erred by: (1) finding that Plaintiff's alleged
5    impairments failed to meet a Listing; and (2) finding that Plaintiff could do his past relevant
6    work.  Plaintiff requests that the Court remand for determination of benefits.

7    **A.       The ALJ's Step Three Determination**

8            Plaintiff argues that the ALJ erred in her step three determination by finding that his
9    alleged impairments failed to meet a Listing.  Specifically, Plaintiff states that, in her
10   decision, the ALJ agreed that Plaintiff's back, neck, and knee conditions were severe, but
11   stated that he did not have an impairment that met or equaled any of the listed impairments
12   in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Plaintiff asserts that his spinal and knee
13   problems deserve a much closer examination as he meets Listing 1.02, 1.03, and 1.04.

14           The Listings describe specific impairments of each of the major body systems which
15   are considered "severe enough to prevent a person from doing any gainful activity, regardless
16   of his or her age, education, or work experience" and designate "the objective medical and
17   other findings needed to satisfy the criteria of that listing." 20 C.F.R. §§ 404.1525(a), (c)(3),
18   416.925(a), (c)(3).  A mere diagnosis is insufficient to meet or equal a listed impairment; a
19   claimant must establish that he or she "satisfies all of the criteria of that listing ... ."  Id. at
20   §§ 404.1525(c)(3), (d), 416.925(c)(3), (d).

21           To equal a listed impairment, a claimant must establish symptoms, signs, and
22   laboratory findings "at least equal in severity and duration" to the characteristics of a relevant
23   listed impairment.  See 20 C.F.R. §§ 404.1526 (explaining medical equivalence); 416.926
24   (same).  Medical equivalence can be found for a listed impairment, an unlisted impairment,
25   or a combination of impairments.  See id. §§ 404.1526(b), 416.926(b).

26           The ALJ is obligated to consider the relevant evidence to determine whether a
27   claimant's impairment or impairments meet or equal one of the specified impairments set
28   forth in the Listings.  See Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir.  2001); 20 C.F.R. §

1   416.920(a)(4)(iii).  Generally, a "boilerplate finding is insufficient to support a conclusion
2   that a claimant's impairment does not [meet or equal a Listing]."  Lewis, 236 F.3d at 512;
3   see Marcia v. Sullivan, 900 F.2d 172, 176 (9ᵗʰ Cir. 1990) (noting that the ALJ's unexplained
4   finding at step three was reversible error).  The Ninth Circuit has recognized, however, that
5   the ALJ need not recite the reasons for his or her step three determination so long as the
6   evidence is discussed in the ALJ's decision.  See Lewis, 236 F.3d at 513.  Moreover, a
7   boilerplate finding may be appropriate where a claimant fails to set forth any evidence for
8   the ALJ to conclude that an impairment could meet or equal a Listing.  See Gonzalez, 914
9   F.2d at 1201.

10      Here, the ALJ did not articulate her step three analysis, but simply found that no
11   impairment or combination of impairments met or equaled a Listing.  However, the Court
12   finds that the ALJ adequately stated the foundations on which her ultimate conclusions were
13   based, discussing at length, the objective medical evidence supporting her findings, (Tr. at
14   18-23), and substantial evidence supports the determination that Plaintiff's impairments do
15   not meet or equal the Listing of Impairments.  See Gonzalez v. Sullivan, 914 F.2d 1197, 1201
16   (9ᵗʰ Cir. 1990).

17      Moreover, Plaintiff has the burden of proof at step three on whether his impairments
18   met or equaled a listed impairment.  See Parra v. Astrue, 481 F.3d 742, 746 (9ᵗʰ Cir. 2007).
19   Nonetheless, Plaintiff failed to present any argument to the ALJ that the evidence
20   demonstrates the requisite severity and duration to establish disability under the Listings.
21   (Tr. at 36.)  Nor did he present any medical opinion evidence establishing that Listings 1.02,
22   1.03, or 1.04 was met or equaled.  See Lewis v. Apfel, 236 F.3d 503, 514 (9ᵗʰ Cir. 2001) (ALJ
23   did not err by failing to discuss the combined effects of the claimant's impairments or
24   compare them to a listing in the equivalence determination where the claimant offered no
25   theory or evidence as to how his impairments combined to equal a listed impairment); Stubbs
26   v. Soc. Sec. Admin., 419 F. App'x 771, 772 (9ᵗʰ Cir. 2011) (unpublished) (ALJ was "not
27   required to expressly consider whether the combination of physical or mental impairments
28

1    met or equaled these two listings" where claimant offered no plausible theory for such a finding).

2         Accordingly, the Court finds no error.

3    **B.    The ALJ's Step Four Determination**

4         Plaintiff next argues that the ALJ erred by finding that he could do his past relevant

5    work.  In her decision, the ALJ found that Plaintiff was capable of performing less than the

6    full range of light work.  She found that Plaintiff could lift and carry 10 pounds frequently

7    and 20 pounds occasionally, do unlimited sitting, standing and walking with frequent

8    climbing ramps and stairs, occasional climbing ladders, ropes or scaffolds, occasional

9    crawling, occasional right upper extremity reaching in all directions and occasional handling,

10   fingering and feeling with his right hand.  (Tr. at 18.)  When she asked the vocational expert,

11   Mark Kelman, this hypothetical, he found that Plaintiff could not do his past relevant work.

12   (Tr. at 57.)  Specifically, he noted the occasional handling, finger and feeling with his right

13   hand would preclude the past work both as it was performed by the claimant and as it was

14   performed in the national economy.  (Tr. at 57.)  Mr. Kelman then identified other jobs

15   available in the national economy that an individual of Plaintiff's age, educational

16   background, past work experience, and residual functional capacity could perform.  (Tr. at

17   57-61.)

18        However, in the ALJ's decision, she failed to make a step five determination and

19   identify or discuss any of the other jobs available in the national economy that could be

20   performed.  The ALJ simply found that Plaintiff was not disabled because he could perform

21   his past work as a typesetter, warehouse lead worker, and school bus driver.  (Tr. at 23.)  The

22   Court finds that the ALJ's decision directly contradicts the vocational expert's testimony and,

23   as such, will order that the decision of the ALJ be vacated and the case be remanded.

24        "[R]emand for further proceedings is appropriate where there are outstanding issues

25   that must be resolved before a determination can be made, and it is not clear from the record

26   that the ALJ would be required to find claimant disabled if all the evidence were properly

27   evaluated."  <u>Hill v. Astrue</u>, 698 F.3d 1153, 1162 (9th Cir. 2012) (citing <u>Vasquez v. Astrue</u>,

28   572 F.3d 586, 593 (9th Cir. 2009)).  "[T]he proper course, except in rare circumstances, is

1   remand to the agency for additional investigation or explanation." <u>INS v. Ventura</u>, 537 U.S.

2   12, 16 (2002) (per curiam).  The Ninth Circuit has held that when "additional proceedings

3   can remedy defects in the original administrative proceeding, a social security case should

4   be remanded." <u>Marcia v. Sullivan</u>, 900 F.2d 172, 176 (9th Cir. 1990) (remanding "to the

5   Secretary for proper consideration of step three equivalence").  Here, the record contains

6   conflicts that make an award of benefits inappropriate and require further evaluation on

7   remand. Specifically, remand is appropriate to clarify and determine whether Plaintiff is able

8   to perform other work in the national economy in view of his age, education, and work

9   experience.

## V. CONCLUSION

For the reasons discussed in this Order, the Commissioner's decision will be vacated and this matter will be remanded for further administrative proceedings consistent with this Order.

Accordingly,

**IT IS ORDERED** that the Commissioner's decision is **VACATED** and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth in this Order;

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 18th day of February, 2015.

Michelle H. Burns
United States Magistrate Judge