**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Roy Samuel Umphrey, | ) | CIV 13-2396-PHX-MHB |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Carolyn W. Colvin, Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Plaintiff Roy Samuel Umphrey's application for attorney fees under the Equal Access to Justice Act ("EAJA") (Doc. 25).  After reviewing the arguments of the parties, the Court now issues the following ruling.

Plaintiff filed applications for disability insurance benefits and supplemental security income alleging disability beginning February 2, 2007. (Transcript of Administrative Record ("Tr.") at 15, 216-26.)  His applications were denied initially and on reconsideration.  (Tr. at 63-142.)  Thereafter, Plaintiff requested a hearing before an administrative law judge. (Tr. at 161-62.)  A hearing was held on July 25, 2012, (Tr. at 30-62), and the ALJ issued a decision finding that Plaintiff was not disabled (Tr. at 12-28).  The Appeals Council denied Plaintiff's request for review (Tr. at 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff then sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

This Court, after reviewing the administrative record and the arguments of the parties, remanded this matter to the Commissioner for further proceedings. (Doc. 23.)  Specifically,

1   the Court found that the ALJ failed to make a step five determination and identify or discuss

2   any of the other jobs available in the national economy that could be performed.  The ALJ

3   simply found that Plaintiff was not disabled because he could perform his past work as a

4   typesetter, warehouse lead worker, and school bus driver.  The Court determined that this

5   finding directly contradicted the vocational expert's testimony and, as such, ordered that the

6   decision of the ALJ be vacated and the case be remanded to the Commissioner.  (Doc. 23.)

7       A prevailing party in an action against the United States is entitled to an award of

8   attorney fees and costs under the EAJA, 28 U.S.C. § 2412(d)(1)(A), unless the government's

9   position was "substantially justified."  The government's position is substantially justified

10   "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and

11   fact.  Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988).

12       It is undisputed that Plaintiff is the prevailing party.  Therefore, the issue before the

13   Court is whether Defendant's position in opposing Plaintiff's appeal was "substantially

14   justified."  Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008).

15       Under the EAJA, "substantial justification" means that "'the government's position

16   must have a reasonable basis in law and fact.'"  Shafer, 518 F.3d at 1071 (quoting Corbin v.

17   Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998)).  "Where ... the ALJ's decision was reversed on

18   the basis of procedural errors, the question is *not* whether [Defendant's] position as to the

19   merits of [Plaintiff's] disability claim was substantially justified.  Rather, the relevant

20   question is whether [Defendant's] decision to defend on appeal the procedural errors

21   committed by the ALJ was substantially justified."  Id. (emphasis in original) (citations

22   omitted).

23       The Court concludes that Defendant's decision to defend the ALJ's determination was

24   not substantially justified.  In her decision, the ALJ found that Plaintiff was capable of

25   performing less than the full range of light work.  She found that Plaintiff could lift and carry

26   10 pounds frequently and 20 pounds occasionally, do unlimited sitting, standing and walking

27   with frequent climbing ramps and stairs, occasional climbing ladders, ropes or scaffolds,

28   occasional crawling, occasional right upper extremity reaching in all directions and

occasional handling, fingering and feeling with his right hand. (Tr. at 18.) When she asked the vocational expert, Mark Kelman, this hypothetical, he found that Plaintiff could not do his past relevant work. (Tr. at 57.) Specifically, he noted the occasional handling, finger and feeling with his right hand would preclude the past work both as it was performed by the claimant and as it was performed in the national economy. (Tr. at 57.) Mr. Kelman then identified other jobs available in the national economy that an individual of Plaintiff's age, educational background, past work experience, and residual functional capacity could perform. (Tr. at 57-61.)

However, the ALJ failed to make a step five determination and identify or discuss any of the other jobs available in the national economy that could be performed. (Doc. 23.) The ALJ simply found that Plaintiff was not disabled because he could perform his past work as a typesetter, warehouse lead worker, and school bus driver. The Court found that the ALJ's decision directly contradicted the vocational expert's testimony and ordered that the decision of the ALJ be vacated and the case be remanded to clarify and determine whether Plaintiff is able to perform other work in the national economy in view of his age, education, and work experience. (Doc. 23.) In light of the Court finding the ALJ's actions to be erroneous, "[i]t follows a *fortiori* the government's defense of the ALJ's procedural errors was not substantially justified ... ." Shafer, 518 F.3d at 1072.

Plaintiff's counsel, Amy L. Foster, has filed an itemized statement of fees showing that she worked 36.3 hours on this case. Having reviewed the statement of fees, and having considered the relevant fee award factors, see Hensley v. Eckerhart, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Attorney Fees (Doc. 25) is **GRANTED**;

\\\

1    **IT IS FURTHER ORDERED** that Plaintiff is awarded $6892.79 pursuant to the

2  Equal Access to Justice Act, 28 U.S.C. § 2412.

3    DATED this 19th day of May, 2015.

_Michelle H. Burns_

Michelle H. Burns
United States Magistrate Judge